Curia, per Withers, J.
Each of the questions presented to this Court, might be the theme of ample discussion, which, if there were leisure for that purpose, might-become instructing to the profession. We are, however, under pressure at the heels of the Court, and are driven to be' economical of time and words.
The first question is, have the parties to this contract established a measure of redress, that, in legal.contemplation, is a penalty ; or is it a measure of liquidated, stipulated, or stated damages? If the first, then, the plaintiff, Worrell, afforded to the defendants only a security, in writing, for such actual damages as might result from his default in the particulars specified; if the latter, a standard has been fixed behind which the Court cannot go.
The first observation which strikes us is, that if one hundred dollars per month, to be forfeited on failure to complete the building by the first day of June, was intended to be but a security for a sum of damage otherwise to be ascertained, the parties accomplished but little by the deliberate contract— nothing, it would seem, in favor of the party who was intended to be benefit ted, for the employer might have recovered, on general principles, all special damage resulting from a violation of contract by the carpenter; and no surety undertook for him, nor was other security of any kind added to his per *118 sonal responsibility. It would, in .that view, become rather a protection to him whose default was intended to be punished, by limiting the extent beyond which reimbursement could not be enforced against him.
Some writers put such an agreement as that before us upon the footing of alternative or conditional agreements, where a party has the election to perform a stipulation, or, instead thereof, to pay a fixed sum of money. There is no sensible distinction between the present case and that of Fletcher v. Dyche, where a party had contracted to do certain iron work for a certain sum within 6 weeks, and if not, to “foifeit and pay” £10 for every week, until it was finished. Buller, J. said, “ It is as strongly a case of liquidated damages as can possibly exist, and is like the case of demurrage.”
The present is not of that class of cases where the forfeiture is limited to a variety of breaches intended to be prohibited, each one of which was of a precise nature and amount, but it is limited to a single breach, the actual damages resulting from which, would be of uncertain nature and amount: if it related to a failure to furnish a pair of hinges of a certain value, for example, as well as other defaults, we might be startled with the unreasonableness of holding the case to be one of stated damages. But it is of the other character, — it settles the amount of damages, in their nature uncertain, fora well defined default, and presents an instance in which it was both lawful and reasonable that the parties should super-cede the uncertainties and delay attending a contest in testimony, and the expense of calling witnesses, by a measure established for the contingency.
Without running through the cases on this fruitful head of law, we are content to say that we see no room to question that the forfeiture in this case takes the character of damages, liquidated, or stated, and not that of a penalty. This opinion the Judge intimated to the jury as his own, but he did not charge therh upon it as a question of law. This gives rise to the second point of inquiry, to wit:
Ought the jury to have been so instructed as matter of law? We think they should have been so instructed.
No doubt was raised upon the facts of the execution of the contract, and of its binding efficacy. We have already shown that the terms used, upon the question here, were not ambiguous. Now, suppose the jury had found, by way of special verdict, that the contract had been duly executed by the parties and was binding upon them, nothing but its legal construction by the Court as matter of law would have remained. We are not so much accustomed (perhaps unfortunately) as they are in England, to special verdicts. Our verdicts usually are the exponents of a result compounded of •law and fact. Every general verdict, indeed every issue on *119 the record, found by the jury, involves both law and fact; for every issue has its. law apd the question must always-be, whether the facts proved satisfy the negative or affirmative. The exposition of the law to which both parties in the present case were entitled was the same as if a special verdict had found the contract, in its terms. The terms were unambiguous in their legal import; the fact of the-execution of the instrument was not disputed; such terms import liquidated damages, and, therefore, the jury should have been told, as matter of law, that if the plaintiff had made the default, as alleged by the defendants, he must account to them for one hundred dollars -per month from the period the default occurred. It was a case where a principle of law applied to the special facts proved and unconlested, and fixed their legal' quality: it measured their effect: it furnished a standard to be given to the jury, a priori. whereby the branch of the case to which it applied was to be adjusted with precision. The general rule on this subject, as laid down by Starkie on idence, is in these words: “ The construction of a written document is matter of pure law, as it seems, in all cases where the meaning and intention, of the framers are by law to be collected froni the document itself.’’
We are left to infer from the report, that the jury did not allow the defendants the benefit of the stipulated damages, to which, it has been shown, they were entitled. While we fear that the plaintiff has made a contract which will work harshly upon him, yet it is his contract; we cannot dispense with the law that arises upon it, and, therefore, a new trial must be ordered.
Evans, Wardlaw,- and Frost, JJ., concurred.
Motion granted. -